IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IMANI MA'AT, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:11-CV-0073-RWS |
| BB&T MORTGAGE, BUCZEK : | |
| ENTERPRISES, J&J FIELD : | |
| SERVICES, and SOUTHPOINT : | |
| FINANCIAL, : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

This case comes before the Court on Plaintiff's Motion for Emergency Injunctive and Declaratory Relief and to Stay Unlawful Foreclosure Sale [2], Defendant SouthPoint Financial's Motion to Dismiss [4], Defendants BB&T and SouthPoint Financial's ("Defendants") Motion to Dismiss [7], and Defendants' Motion to Stay Discovery and Pretrial Deadlines [8]. After considering the record, the Court enters the following Order.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual

allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Plaintiff's Complaint [1-1] is full of "mere conclusory statements" which do not suffice to state a claim. Plaintiff's allegation that Defendants lack

standing to foreclose upon the property in question is meritless.  Plaintiff's security deed grants to "MERS . . . and to the successors and assigns of MERS . . . the right to foreclose and sell the Property."  (Dkt. [7-2] at 7 of 16).  Plaintiff has not alleged any facts that call into question the validity of the assignment of MERS's interest in the property to BB&T.  (Dkt. [7-2] at 16 of 16).  Plaintiff's Complaint [1-1] fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   Iqbal, 129 S. Ct. at 1949 (citation omitted).

Therefore, Defendants' Motion to Dismiss [7] is **GRANTED**, Plaintiff's Motion [2] requesting injunctive relief and a stay of the foreclosure sale is **DENIED**, SouthPoint Financial's Motion to Dismiss [4] is **DENIED as moot**, and Defendants' Motion to Stay Discovery and Pretrial Deadlines [8] is **DENIED as moot**.

**SO ORDERED**, this  11th  day of May, 2011.

_____
**RICHARD W. STORY**
United States District Judge

3

AO 72A
(Rev.8/82)